## SPELKER *v.* KNOBLOCH.

1. JURY—VOIR DIRE—DISCRETION OF COURT.

    The scope of *voir dire* examination of prospective jurors is largely in the discretion of the trial court.

2. SAME—VOIR DIRE—INSTRUCTIONS—DAMAGES RECOVERABLE.

    It was not error in action under civil damage act for trial court to refuse plaintiff's counsel, on *voir dire* examination, permission to mention a specific sum as damages upon finding a verdict for plaintiff, since the jury would be instructed by the judge as to the damages recoverable upon submission of the case to them (CLS 1956, § 436.22).

3. SAME—VOIR DIRE—DISCRETION OF COURT—INSURANCE.

    It was not an abuse of discretion on the part of the trial court to decline to permit plaintiff's counsel to ask prospective jurors whether or not any were stockholders or members or relatives of any stockholders or members of a mutual insurance association or company, where counsel had stipulated that no mutual insurance company was involved and no substitute question was presented, it being the opinion of the trial court that the purpose of the question, under the circumstances, was to convey, rather than to elicit, information as to insurance coverage.

4. INTOXICATING LIQUORS—CIVIL DAMAGE ACT—WORKMEN'S COMPENSATION INSURANCE—PREJUDICE.

    Questions asked by defendant's counsel and answered, and comments of such counsel, directed to the existence of workmen's compensation insurance coverage and trial court's instructions

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Jury § 138.
[3] 31 Am Jur, Jury §§ 208, 209.
    Admissibility of evidence, and propriety and effect of questions, statements, comments, et cetera, tending to show that defendant in personal injury or death action carries liability insurance. 4 ALR2d 761.

to jury as to such matter in third-party action authorized by the workmen's compensation act and brought under civil damage act *held,* not to have constituted prejudicial error, where plaintiff raised no objections at the trial, plaintiff stipulated, in open court, as to payment of such compensation to plaintiff and instruction given was of same general purport as plaintiff's request to charge (CLS 1956, §§ 413.15, 436.22).

Appeal from Saginaw; Beers (Henry L.), J., presiding. Submitted October 10, 1958. (Docket No. 36, Calendar No. 47,433.) Decided December 2, 1958.

Case by John David Spelker against John Knobloch and Antoinette Knobloch, copartners doing business as Carrollton Bar, and Anna Beinhorn, doing business as Lowenhof Cafe, under the civil damage act for personal injuries caused by intoxicated driver of motor vehicle. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*van Benschoten & van Benschoten,* for plaintiff.

*Stanton & MacKenzie (H. Monroe Stanton,* of counsel), for defendants Knobloch.

*Heilman & Purcell (John Purcell,* of counsel), for defendant Beinhorn.

DETHMERS, C. J. Plaintiff was injured in an automobile accident allegedly caused by the negligence of a drunken driver. He was receiving workmen's compensation benefits for the resulting disability when this suit was commenced and tried. This is a third-party action authorized by CLS 1956, § 413-.15 (Stat Ann 1957 Cum Supp § 17.189). It is brought against defendants, licensed liquor retailers, under CLS 1956, § 436.22 (Stat Ann 1957 Rev § 18.993), which requires such retailers to furnish

a bond and renders the principal and sureties there-on liable with the retailer for injuries caused by an intoxicated person by reason of the retailer's unlaw-ful sale of liquor to him. The *ad damnum* clause of plaintiff's declaration claims damages in the amount of $250,000. From jury verdict of no cause for action, plaintiff appeals.

No claim is made that the verdict is against the great weight of the evidence. Error is assigned on the court's refusal to permit plaintiff's counsel, on *voir dire* examination, to ask the following ques-tions:

(1) "If the defendants Anna Beinhorn, doing busi-ness as Lowenhof Cafe, and John Knobloch and Antoinette Knobloch doing business as Carrollton Bar, or either of them, are proved to be liable to the plaintiff, John David Spelker, and if Mr. Spelker then also proves that he has suffered damages in the amount of $250,000, is there any one of you jurors who feel that he or she could not award him $250,000, regardless of these proofs? In other words, is there any juror here or potential juror who feels that $250,000 is just too much money, no matter what the proofs show so far as damages are concerned?"

(2) "Is any member of this jury a stockholder or member of any mutual insurance association or company, or is any member of this jury an officer, agent, employee or relative of any stockholder or member or any agent or employee of any such com-pany?"

The scope of *voir dire* examination of prospective jurors is largely in the discretion of the trial court. *Ford* v. *Cheever,* 113 Mich 440; *Snyder* v. *Mathison,* 196 Mich 378; *Church* v. *Stoldt,* 215 Mich 469; *People* v. *Lockhart,* 342 Mich 595. In sustaining an objec-tion to the first question, the trial court stated that mention of a specific sum of damages at that stage, thus seeking to pledge the jurors to it, was im-

proper. After such ruling, counsel for plaintiff made no offer or attempt to rephrase or resubmit the question so as to elicit information, without mention of a specific sum, as to whether the prospective jurors would, upon finding for plaintiff, award such damages in full as the proofs would establish that plaintiff had suffered. On the contrary, he continued to insist on the right to inject the $250,000 figure into the prospective jurors' thinking at that time. From the statement then made by the trial court, as well as its later written opinion denying new trial, it is evident that such question, without mention of a specific sum, would have been permitted by the court. It would have given plaintiff all the information to which he was entitled in the premises. It would have been in line with one asked of a juror and held not prejudicial in *Ballance* v. *Dunnington,* 246 Mich 37, 42, 43, where this Court said:

"2. *Examination of the Jury.* The following question was asked of a juror:

" 'If you are chosen as a juror, and if you determine from the evidence in this case that the plaintiff did suffer the loss of his leg or right foot and suffered the pain which I have described, and you are satisfied by a preponderance of the evidence that the testimony is true in that respect, will you render such a verdict as in your judgment will compensate this plaintiff for the injuries he received by reason of the negligence of the defendant?'

"Over objection the juror answered: 'If the evidence showed it.'

"The latitude allowed in the examination of jurors, when examined by counsel, is largely within the discretion of the trial court. No apparent prejudice could have resulted. It would seem, however, to be the better practice not to permit the time of the court to be taken up by asking questions which involve matters upon which it is the duty of the court

to instruct the jury when the case is submitted to them for decision."

We find no abuse of discretion in the court's declining to permit mention of a specific sum in the question.

While plaintiff's brief urges the right to inquire of prospective jurors as to their interest in the insurance industry generally, the precise question offered related to their interest in a mutual insurance company. The court declined to permit this question, pointing out that it did so because counsel had stipulated that no mutual insurance company was involved, after which plaintiff's counsel offered no substitute question with respect to interest in the insurance industry in general. These circumstances lend weight to the opinion of the trial court that counsel's purpose, with respect to both questions, was not to obtain information from the prospective jurors but, rather, to convey it to them and that the latter was an effort to get into the minds of the jury the fact of insurance or bonding company coverage. The court was guilty of no abuse of discretion in declining to permit it.

Finally, plaintiff assigns as error questions asked by defense counsel and answered, and comments of such counsel, directed to the existence of workmen's compensation insurance coverage in the case and the court's instructions to the jury in that regard. At trial, not only were no objections made to the questions, answers or comments, but, instead, plaintiff's counsel offered to and did stipulate, in open court, as to the payment of such compensation to plaintiff. Insofar as the instruction complained of is concerned, it is of the same general purport as a request to charge submitted by plaintiff for the purpose of informing the jury that the avails of any judgment obtained by plaintiff must

first be applied to repayment of the compensation insurance carrier. Under the circumstances it cannot be said that prejudicial error occurred in this connection.

Affirmed.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.