## DARR v. BUCKLEY.

1. CONSTITUTIONAL LAW — CIRCUIT COURT PROCEDURES — SUPREME COURT.

    The legislature cannot dictate or control the procedures of the State circuit courts, such authority being reserved by the Constitution to the Supreme Court (Const 1908, art 7, §§ 5, 10).

2. COURTS—PROCEDURE—STATUTES—COURT RULES.

    A statutory rule of practice in a circuit court that is not currently in conflict with a court rule promulgated by the Supreme Court is as much an effective rule of practice as if written into the court rules (Court Rule No 1, § 3 [1945]).

3. INSURANCE—AUTOMOBILES—VOIR DIRE EXAMINATION—STATUTES.

    A statutory prohibition against the reference to the carrying of automobile insurance during the trial of an automobile accident case, not being in conflict with any court rule promulgated by the Supreme Court, would require suppression of reference to such insurance during the *voir dire* jury examination (CL 1948, § 522.33; CLS 1956, § 500.3030; Court Rule No 1, § 3 [1945]).

4. JURY—VOIR DIRE EXAMINATION—DISCRETION OF COURT.

    The latitude of *voir dire* interrogation is largely a matter of judicial discretion.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 14 Am Jur, Courts § 150 *et seq.*
[3, 5] 31 Am Jur, Jury §§ 207–211.
 Prospective juror's connection with insurance company as ground for challenge for cause in action for personal injuries or damage to property. 103 ALR 511.
 Right to interrogate jurors on *voir dire* with reference to insurance. 56 ALR 1454, 74 ALR 860, 95 ALR 404, 105 ALR 1330, 4 ALR2d 792.
[4] 31 Am Jur, Jury §§ 138, 145.

5. AUTOMOBILES—INSURANCE—VOIR DIRE EXAMINATION—PRE-TRIAL
   PRACTICE—INTEREST IN CASE OF JURORS.

> A plaintiff in an automobile accident case may secure, on oath
> prior to trial, under the pretrial practice or by examination
> and cross-examination, by and before the trial judge at cham-
> bers, of the deposing person whose affidavit is proffered in lieu
> of *voir dire* examination and in the discretion of the court,
> such information as will fairly disclose to him the fact that
> any prospective juror is interested, along with an insurer, in
> the case before the court (CL 1948, § 522.33; CLS 1956,
> § 500.3030; Court Rule No 1, § 3 [1945]).

Appeal from Wayne; Gilmore (Horace W.), J.
Submitted January 6, 1959. (Docket No. 10, Cal-
endar No. 47,461.) Decided February 19, 1959.

Case by Harry F. Darr against Henry C. Buckley
for personal injury and property damage resulting
from automobile collision. Verdict and judgment
for defendant. Plaintiff appeals. Affirmed.

*Markle & Markle* (*Fergus Markle,* of counsel), for
plaintiff.

*Erickson, Dyll, Marentay & Slocum* (*James R.
Daoust,* of counsel), for defendant.

BLACK, J. This is an automotive negligence case.
The jury returned a verdict in favor of defendant,
on which judgment was entered. Plaintiff's appeal
presents but one question, stated by his counsel with
rule-required comment as follows:

"Should the trial judge have questioned prospec-
tive jurors to determine whether they were fellow
members of defendant in a reciprocal inter-insurance
exchange and automobile club?
"The trial judge said 'No.'
"Plaintiff and appellant say such questions should
have been asked."

By a pleading entitled "Request for Interrogation of Jurors Upon Voir Dire" plaintiff asserted that defendant was, at the time of suable events, a member of the Automobile Club of Michigan and an insured of the Detroit Automobile Inter-Insurance Exchange; that the Exchange was and is a reciprocal or mutual organization; that the insurance carried by defendant with the Exchange protected him against liability as alleged by plaintiff; that counsel for defendant are employees of the Exchange and that their representation of the defendant "is solely by reason of the defendant's insurance;" that the Exchange "is one of the largest automobile insurers in this State and has many thousands of members and persons insured within the county of Wayne and the area from which the jurors herein are selected;" that each of the members of the Exchange "has a direct financial interest in and a pro rata ownership of the assets and reserves" of the Exchange; that each member of the Exchange has "a direct financial interest in the outcome of this action" and, in general, that prospective jurors should be examined in open court "concerning their connection with or membership in said Club or Exchange."

By such request for interrogation plaintiff moved that the trial judge "ask of each person drawn as a juror" questions as follows:

"1. Do you carry a policy of automobile insurance?

"2. Is your automobile insured with a mutual company or in a reciprocal inter-insurance exchange?

"3. In what mutual insurance company or through what reciprocal inter-insurance exchange are you insured?

"4. Are you a member of the Automobile Club of Michigan commonly known as the Triple A?

"5. Are you or is any member of your family employed by any insurance organization or engaged

in investigating or adjusting claims arising out of automobile accidents?"

The trial judge ruled:

"The court is of the opinion that the language of the statute is mandatory, and bars any reference whatever during the trial to an insurance company, and for that reason the court is going to deny the request made here on behalf of Mr. Darr by Mr. Markle."

It is not shown that plaintiff's counsel, since the jury was discharged, has sought information from the Exchange or defense counsel for the purpose of obtaining answers to the above interrogatory questions or, for that matter, that counsel has interested himself in the obtaining of information tending to establish, as a basis for new trial, relevant interest or bias of members of the jury as sworn. It is evident, by and large, that counsel was and now is intent on an open court injection into the case, by means of *voir dire* examination, of the fact or impression that an invisible defendant stands back of the visible defendant in a financial way.

Actually, the stated question was brought here for the salient purpose of testing Judge Gilmore's right to apply the statutory provision to which he referred. In so many words, that provision since 1929 has attemptedly banned all reference to insurance and the "carrying of such insurance" during the trial of a case such as this plaintiff has declared upon (see the italicized portion of section 33, subd 6, chapter 2, part 3, of the former insurance code [CL 1948, § 522.33 (Stat Ann 1943 Rev § 24.296)] and section 3030 of "The Insurance Code of 1956" [PA 1956, No 218 (CLS 1956, § 500.3030, Stat Ann 1957 Rev § 24.13030)]). In such connection counsel points to *Harker* v. *Bushouse,* 254 Mich 187 and *Fedorinchik* v. *Stewart,* 289 Mich 436, and contends

for constitutional reasons given in *Harker* that such provision is void insofar "as it attempts to control judicial power." This brings us to the summit of the presented question.

We suggest that the Court was right as to premise but wrong of conclusion in *Harker*. It is true that the legislature cannot dictate or control the procedures of our circuit courts. Authority of such nature is reserved by the Constitution to this Court.* As Mr. Justice Wiest observed in *Stepanian v. Moskovitz*, 232 Mich 630, 639, "the legislature does not occupy the judicial saddle." Nevertheless, and for a' that—here we think our membership overlooked something when *Harker* was decided in 1931, —this Court by original and present section 3 of Court Rule No 1 (effective January 1, 1931) has firmly adopted the questioned statutory rule of practice, same in no sense being inconsistent with any former or present rule of court. That makes the statute good.

The fact that such adoption has been overlooked as interim decisions have been handed down is no reason for continued disregard of the provision, at least in the absence of compelling circumstances showing that a given plaintiff has been or will be injured, prejudicially, by a denial of *voir dire* examination in form as requested here. Considering said section 3 of Court Rule No 1 (1945), the provision is as much an effective rule of practice as if written into our rule book (*Love v. Wilson*, 346 Mich 327). So, and as long as statute and court rules pertinently remain unamended, we should as a matter of enforcement of our own rules uphold circuit judges when they apply the statute and suppress *voir dire* jury examination in violation thereof.

Aside from the above considerations it would appear that our decisions, extending from *Church* v.

---

* See Const 1908, art 7, §§ 5, 10.—Reporter.

*Stoldt,* 215 Mich 469, through *Spelker* v. *Knobloch,.* 354 Mich 403, might well be scanned for the purpose of venturing suggested practice when a jury case of present nature is being readied for trial. Starting with the accepted proposition that the latitude of *voir dire* interrogation is largely a matter of judicial discretion, and recognizing that a rare case may come to issue in which either party may rightfully become entitled to reliable knowledge respecting possible juror-interest in the litigatory prospects of a hidden defender, we think there is a way to provide such information and yet avoid the usual sad effect of insurance-suggestion when that is done during the course of *voir dire.*

In the first place, modern pretrial practice and related discretion considered, there is no reason why the questing plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand. Or, in a related direction, the *ex parte* practice rejected in *Campbell* v. *Osterland,* 283 Mich 175, 178, might be utilized and extended to the point of examination and cross-examination, by and before the trial judge at chambers, of the deposing person whose affidavit is proffered in lieu of *voir dire* examination. Few insurers would risk a probable fraud action stemming from the giving of false information during the course of such examination and cross-examination, and the disclosed facts would provide the fact-seeking party and the trial judge with such knowledge as doubtless would lead to agreed removal, from the black box, of the name of a possibly interested venireman. Sure, there is a way. Is there a will on the part of counsel—for both parties—to follow it?

We find no reversible error. Judgment affirmed. Costs to defendant.

Dethmers, C. J., and Carr, Kelly, Smith Edwards, Voelker, and Kavanagh, JJ., concurred.