BISHOP v. WOLINSKI

1. APPEAL AND ERROR—TRIAL—JURY INSTRUCTIONS—SAVING QUESTION FOR REVIEW.

Jury instructions may be reviewed by the Court of Appeals without a timely objection only to prevent a manifest injustice (GCR 1963, 516.2).

2. AUTOMOBILES—NEGLIGENCE—TRIAL—REFERENCE TO INSURANCE—MISTRIAL.

Reference during trial of an automobile negligence action to insurance carried by one of the parties is improper and raises a presumption of prejudice, but denial by the trial court of a motion for a mistrial on the grounds that the reference was inadvertent and there was no prejudice is within the discretion of the trial court (CLS 1961, § 500.3030).

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 April 10, 1969, at Grand Rapids. (Docket No. 5,292.) Decided April 21, 1969.

Complaint by Cornelius T. Bishop, administrator of the estate of Effie Y. Bishop, deceased, against Zygmunt Wolinski and Gertrude Wolinski for damages resulting from an automobile collision. Third-party complaint by Zygmunt and Gertrude Wolinski

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
    53 Am Jur, Trials § 824.
[2] 53 Am Jur, Trials § 481.
    8 Am Jur 2d, Automobiles and Highway Traffic §§ 1009, 1010.
    Admissibility of evidence and propriety and effect of questions, statements, comments, etc., tending to show that defendant in personal injury or death action carries liability insurance. 4 ALR 2d 761.

against Carl Goodwin & Sons, Inc., and Associated Truck Lines, Inc., for contribution. Third-party defendant Carl Goodwin & Sons, Inc.'s motion for directed verdict granted. Verdict and judgment for plaintiff against Zygmunt and Gertrude Wolinski, and judgment of no cause of action against Associated Truck Lines, Inc. Defendants Wolinski appeal. Affirmed.

*Troff, Lilly, Bonow, Piatt & File,* for plaintiff.

*Howard & Howard,* for defendants and third-party plaintiffs Zygmunt and Gertrude Wolinski.

*Stratton, Wise, Early, Starbuck & Lennon,* for third-party defendants Carl Goodwin & Sons, Inc.

*James & Dark,* for third-party defendant Associated Truck Lines, Inc.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. The defendants, third-party plaintiffs, seek by this appeal to have a jury verdict against them set aside and the verdicts in favor of the third-party defendants overruled.

The accident out of which this action arose took place on Interstate 94 near the east end of an overpass at Westnedge avenue in the city of Kalamazoo. Although the highway is a limited access divided highway by design, the portion of the highway upon which the accident took place was just two lanes wide with traffic going in both directions because of some construction. The record indicates that Mrs. Wolinski, the driver and co-owner of appellants' car, while attempting to pass a tractor-trailer owned by Associated Truck Lines, went out of control and

collided with the plaintiff's decedent's car after skidding 175 feet and breaking through a barricade.

The circuit judge directed a verdict in favor of third-party defendant, Carl Goodwin & Sons, Inc., and the jury rendered a verdict for plaintiff against defendants but found no cause of action against third-party defendants, Associated Truck Lines, Inc. A judgment in the amount of $46,200 was rendered against the defendants.

Although the defendants failed to object to the instructions given to the jury by the circuit judge at trial, except for 2 objections not involved on this appeal, they seek to question them on appeal. Noting that we could review the jury instructions even without a timely objection to prevent a manifest injustice, we find that GCR 1963, 516.2 requires us to dismiss the allegations of error for defendants' failure to make timely objection. See *Hunt* v. *Demming* (1965), 375 Mich 581. After a thorough review of the record on appeal, we do not consider that a manifest injustice was committed at trial as a result of the jury instructions. Therefore, we are bound by the rule of GCR 1963, 516.2 rather than the exception.

The defendants allege as additional grounds for appeal that the trial court erred when it denied defendants' motion for a mistrial based upon plaintiff's attorney's single reference to third-party defendant Associated's insurer, Hartford Indemnity Company. We do not think the mere mention without out a design to inject the question of insurance into the case is sufficient ground to make the granting of a mistrial mandatory under MCLA § 500.3030 (Stat Ann 1957 Rev § 24.13030). We find that the trial judge was properly within his discretion in denying the motion for mistrial. The trial judge determined that the reference was an unintentional slip of the

tongue and that it had not prejudiced the defendants. *Felice* v. *Weinman* (1964), 372 Mich 278, 280, which contains perhaps the strictest interpretation of the rule which prohibits the interjection of insurance coverage into a case says that a presumption of prejudice arises whether the interjection of insurance is intentional or otherwise. The Court further says that the presumption may be overcome by a persuasive showing. In this case the attorney of the third-party defendant, whose insurer was mentioned, as well as the trial judge, were convinced that the defendants were not prejudiced by the reference. We find that the question of whether or not the defendants were prejudiced was properly within the trial judge's discretion. His finding that the defendants were not prejudiced is not clearly erroneous. We will not overturn it. Since the trial judge found no prejudice, his denial of the motion for a mistrial was proper.

On the facts of this case, the trial judge was correct in holding that there were no issues of fact requiring jury determination on the question of Carl Goodwin & Sons, Inc.'s common-law duty to warn, and the directed verdict in favor of this defendant was proper. *Vanderwall* v. *Goodwin* (1953), 338 Mich 109.

Finding no error which would require a reversal, we affirm the decisions of the lower court.