SAVAGE *v.* PARTS WAREHOUSE COMPANY

1. TRIAL—INSURANCE—REFERENCE—"ADJUSTER."
    Use of the word "adjuster" by a witness in an automobile negligence action arising from a chain automobile collision does not necessarily cause the jury to infer that there is insurance in the case or that the defendant is insured (MCLA § 500-.3030).

2. AUTOMOBILES—NEGLIGENCE—LIABILITY—DIRECTED VERDICT.
    Directed verdict for plaintiff on issue of negligence was proper in action against owner and driver of third vehicle in line

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1009, 1010.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.

where all the evidence, including testimony of the defendant tended to show that plaintiff, driving the first car in line, and the driver of second car were both slowing because of traffic congestion when defendant's vehicle collided with the second car, driving it into the first, and there was no evidence tending to prove the affirmative defense pleaded, that plaintiff came to a sudden stop, causing the collisions.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 May 8, 1969, at Grand Rapids. (Docket No. 5,132.) Decided October 2, 1969.

Complaint by William A. Savage, for himself and as next friend of his daughter Jennine M. Savage, a minor, against Parts Warehouse Company, a Michigan corporation, and Raymond F. Pross, for personal injury suffered by Jennine M. Savage and consequential and property damages suffered by William A. Savage in a chain automobile collision. Verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*Baker Law Firm (Ralph I. Selby,* of counsel), for plaintiffs.

*Stanton & Carl,* for defendants.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

J. H. GILLIS, P. J. Plaintiff Jennine M. Savage was injured in an automobile accident in which her car was struck in the rear by a car driven by Edna Bishop. Mrs. Bishop testified that her car was forced into plaintiff's when it was struck in the rear by the truck driven by defendant Pross. Plaintiff and Mrs. Bishop both testified that the accident took place while they were slowing down because of

traffic congestion. Defendant Pross was issued a summons for failing to stop in the assured clear distance and he pled guilty.

An action was brought to recover for plaintiff's injuries and for her father's expenses. The trial court directed a verdict for plaintiffs on the issue of liability and the jury awarded damages of $4,000 to plaintiff and $262 to her father.

On direct examination of Mrs. Bishop, plaintiffs' counsel inquired about certain photographs taken of the accident:

"*Q.* Do you know how soon after the accident that these pictures were taken?

"*A.* It might have been a day or two later; *the adjuster from the other company* came over and said he had taken some pictures." (Emphasis supplied.)

Upon objection by defense counsel, the trial court instructed the jury to ignore the unresponsive answer, except with respect to the reference to time. Later, out of the presence of the jury, defendant moved for a mistrial on the ground that the mention of the "adjuster from the other company" was an unlawful reference to defendant's insurer under MCLA § 500.3030 (Stat Ann 1957 Rev § 24.13030). The trial court denied the motion, stating:

"In view of the cautionary instructions by the court, and in view of the fact that we have to draw some conclusions in order to find any prejudice, number 1, that the word 'adjuster' will be construed by the jury as meaning insurance, and number 2, that if the woman was referring to insurance, that automatically, this must mean the defendant in this case and these conclusions might be drawn that they are not mandatorily the type of thing that everybody must draw, for reason that this was, of course, a multi-collision accident.

"Under the circumstances, if there was any prejudice or any reason for prejudice into the evidence did come in [*sic*], under the circumstances, we believe that the instruction has cured it and we are going to let the case go on. If any additional instructions are requested, we certainly would give consideration to it and to giving additional instructions in this field, if counsel wishes it."

Defendant contends that the denial of its motion was error. On the contrary, the ruling affords an excellent illustration of judicial discretion exercised in a conscientious manner. As in the recent case of *Bishop* v. *Wolinski* (1969), 16 Mich App 753, the denial of the motion for a mistrial was proper.

Defendant also contends that the trial court erred in granting plaintiffs' motion for directed verdict on the issue of liability. Defendant, in the pleadings, raised an affirmative defense, alleging that plaintiff had made a sudden, unsignaled stop, causing the cars driven by defendant and Mrs. Bishop to collide with her car. The trial court found that all the testimony submitted, including that of defendant, tended to show that plaintiff and Mrs. Bishop were both coming to gradual stops when Mrs. Bishop's car was struck by defendant's truck. These facts were undisputed and a verdict was properly directed for plaintiff. See *Ingram* v. *Henry* (1964), 373 Mich 453; *Staszkiewicz* v. *Galvic* (1968), 13 Mich App 215.

Defendant finally contends that the trial court erred in using the term "disability" in its instructions to the jury and in permitting the jury to consider future damages. There was testimony at trial that plaintiff had suffered and was continuing at the time of trial to suffer certain discomforts as a result of her accident. There was no objection to the use of the word "disability" prior to the giving

of the instructions and the trial court correctly
ruled that, if there was error, it was harmless error.

Affirmed. Costs to appellees.

All concurred.