SMITH v. CHILDREN'S HOSPITAL OF MICHIGAN

1. EVIDENCE—DEATH CERTIFICATE—CAUSE OF DEATH—ADMISSIBILITY.
   A death certificate is not *prima facie* evidence of the cause of
   death; the "cause of death" in the death certificate represents
   a conclusion of the coroner and nothing contained in the cer-
   tificate itself is a basis for the opinion (MCLA § 326.16[6]).

2. WITNESSES—EXPERT WITNESSES—QUALIFICATIONS—DISCRETION.
   Determination of an expert's qualifications is a question for the
   trial court and will be disturbed on appeal only if there is
   an abuse of discretion.

3. NEGLIGENCE—MALPRACTICE—QUESTION OF FACT.
   Hospital records indicating decedent, a premature baby, had
   pneumonia and expert testimony indicating that defendant
   hospitals had violated medical standards of practice by not
   hospitalizing the baby created a question of fact as to neg-
   ligence; a directed verdict under such circumstances was im-
   proper.

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 October 14, 1970, at Detroit.
(Docket No. 7687.) Decided April 27, 1971. Leave
to appeal denied, 385 Mich 779, 781.

Complaint by Arbie E. Smith, as administrator
of the estate of Rosemary Smith, against Children's

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence §§ 1009, 1113.
    Death certificate as evidence. 96 ALR 324.
[2] 31 Am Jur, Expert and Opinion Evidence § 31.
    Comment Note.—Review on appeal of decision of trial court as
    to qualification or competency of expert witnesses. 166 ALR
    1067.
[3] 40 Am Jur 2d, Hospitals and Asylums §§ 28 *et seq.*, 43.

Hospital of Michigan and Evangelical Deaconess Hospital for malpractice. Directed verdict for defendants. Plaintiff appeals. Reversed and remanded.

*Albert Lopatin* (*Theodore M. Rosenberg,* of counsel), for plaintiff.

*Feikens, Dice, Sweeney & Sullivan,* for defendant Children's Hospital of Michigan.

*Kitch, Suhrheinrich & Bess, P. C.,* for defendant Evangelical Deaconess Hospital.

Before: LESINSKI, C. J., and DANHOF and MAHINSKE,* JJ.

PER CURIAM. In this malpractice suit the trial court directed a verdict for defendant hospitals and plaintiff appeals.

On October 20, 1963, Rosemary Smith was born two months prematurely to plaintiff and his wife at Evangelical Deaconess Hospital. The next day she was transferred to Children's Hospital where there were facilities for her care. During her stay there she was treated for a diagnosed condition of interstitial pneumonia. On December 24, 1963, the infant was discharged from Children's Hospital with the records indicating a complete clearing of any signs of pneumonia.

From the discharge date until February 28, 1964, the infant was seen at home three times by a Children's Hospital nurse. Early in the morning of February 28, 1964, Mrs. Smith took Rosemary to Deaconess Hospital because the child had a temperature between 101 and 102 degrees and was crying

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and irritable. After a physical examination, the infant was given a penicillin shot and sent home.

Rosemary's condition worsened and she was taken to Children's Hospital at about 9 p.m. that same day. She was seen by a resident who took her history, gave her a physical examination, cleaned the mucus from her nostrils, and ordered a chest X-ray taken. After Rosemary's return from X-ray, the doctor noted marked improvement of her breathing, gave her a shot of penicillin, and sent her home.

Rosemary died at home early in the morning of February 29, 1964, and was brought to Children's Hospital. An autopsy was performed soon thereafter by a pathologist in the office of the Wayne County Medical Examiner. He attributed cause of death as being due to acute interstitial pneumonitis. A death certificate reciting cause of death was signed by the medical examiner.

On appeal plaintiff contends that the trial court improperly refused to admit into evidence the statement of cause of death contained in the death certificate. MCLA § 326.16(6) (Stat Ann 1969 Rev § 14.236[6]), specifically limits the purposes for which a death certificate may be used as *prima facie* evidence to questions of identity, occurrence, time and place of death. The cause of death represents a conclusion on the part of the coroner and nothing contained in the certificate itself is a basis for the opinion. There was no error in the refusal to admit this evidence.

At trial the deposition of Dr. Hayes, plaintiff's expert medical witness, was allowed into testimony over the objections of defendants. They claimed that Dr. Hayes was not qualified to testify as to the standard of practice in Detroit concerning emergency hospital treatment of infants. Determination of an expert's qualifications is a question for the

trial court and will be disturbed on appeal only if there is an abuse of discretion. No such abuse is manifest in the instant case. *Sampson* v. *Veenboer* (1931), 252 Mich 660; *Naccarato* v. *Grob* (1970), 384 Mich 248.

Depositional testimony of Dr. Hayes was to the effect that the doctors employed by both hospitals violated medical standards of practice in situations displaying the symptomatology and medical history of appellant's decedent. Dr. Hayes stated that he believed standard medical practice in such a case dictated hospitalization of the premature baby. Such hospitalization was necessary, and standard practice, for the dual purpose of observation and intensive antibiotic therapy, which could not be properly administered in the home setting. Dr. Hayes did not alter such stand on cross-examination.

The testimony of Dr. Hayes, coupled with hospital records, indicated pneumonia.

Appellant's case below was based on negligence, the hospitals' deviating from standard medical practice. The record made below reflects that the standard of care employed by the hospitals deviated from what Dr. Hayes testified was the standard medical practice. With the proofs in such state, a question of fact was clearly framed for the jury to consider and decide together with the next question of proximate cause. Such fact questions should have been presented to the jury.

Reversed and remanded for a new trial.