John **HEUSS**, Plaintiff-Appellee,
and
The Travelers Insurance Company,
Intervening Plaintiff,

v.

**ROCKWELL STANDARD CORPORA-TION**, a Delaware corporation,
Defendant-Appellant.

No. 73–1222.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 29, 1973.

Decided April 26, 1974.

Edmund M. Brady, Jr., Detroit, Mich., for defendant-appellant; Vandeveer, Garzia, Tonkin, Kerr & Heaphy, Detroit, Mich., on brief.

Martin E. Stein, Ripple & Chambers, Detroit, Mich., for plaintiff-appellee; John F. Chambers, Detroit, Mich., on brief; William Smith, Lacey & Jones, Detroit, Mich., of counsel.

Before CELEBREZZE and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

JOHN W. PECK, Circuit Judge.

Plaintiff-appellee instituted this action to recover damages for injuries suffered when he fell from a scaffold while performing a milling operation on forges at Rockwell Standard Corporation's New Castle, Pennsylvania plant. Appellee was an employee of the Atlas Portable Equipment Company which Rockwell Standard had hired to perform milling operations on a number of forges. As the injury was sustained in the course of his employment, appellee received workmen's compensation benefits from his employer's compensation

insurance carrier, Travelers Insurance Company, and Travelers thus acquired a lien on any verdict or recovery that appellee might have against Rockwell Standard.

Appellee returned to his residence in Michigan and filed this suit in the district court on the basis of diversity. Trial before a jury on the negligence issues raised under the pleadings resulted in a $110,000 verdict for appellee. Rockwell Standard perfected this appeal from the final judgment entered on the jury's verdict and from an order denying its motion for a new trial.

The evidence established that the scaffold from which appellee fell was supplied by appellant; it was constructed of tubular steel, and was five and one-half feet high, eight feet long, and six feet wide. The platform was made up of random length boards which extended beyond the frame, and, had neither guardrails nor clamps or cleats to prevent the boards from sliding or tipping. Although this point is disputed, it appears that appellee asked that appellant supply the scaffold and specified the general requirements, but did not supervise its construction. Appellee did concede that the scaffold seemed to be solid prior to his fall. He fell when one of the platform boards which was overhanging by approximately two and one-half feet teeter-tottered, causing him to lose his balance. There were no witnesses.

Mr. Beemsterbore was introduced by appellee and was found qualified, over appellant's objection, as an expert witness on custom, practice and design in the scaffolding industry in 1967, when the accident occurred. He testified that ninety-five per cent of the industrial plants he knew of required scaffolding guardrails. Appellee also offered evidence on the medical disabilities that resulted and as to the consequent loss of earning power.

At the close of appellant's case defense counsel indicated to the Court his desire to offer evidence establishing the amount of Travelers' lien, proposing thereby to show Travelers' interest in the case. The Court, citing what it perceived to be Michigan law on the subject told defense counsel that he would not be permitted to introduce such evidence at that point in the trial. While the jury was deliberating, however, the trial judge's law clerk-crier inadvertently delivered a number of exhibits to the jury in an envelope that disclosed by label that Travelers was a party plaintiff in the case. The foreman asked the law clerk what the caption meant and was informed that it was a mistake and a plain envelope was substituted. After the verdict had been returned the foreman told the trial judge that he had informed the jury that the first envelope was a mistake.

Appellant's first assignment of error is based on the following Michigan statute:

"In the original action brought by the injured person, or his or her personal representative in case death results from the accident, . . . the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial." Mich.Comp.L. § 500.3030.

The revelation of Travelers' interest in the case as a party plaintiff, asserts appellant, was a clear violation of the statute and the District Court should have granted its motion for a new trial to cure the resultant prejudice.

Whether or not it was error for the District Court's law clerk to have inadvertently disclosed to the jury that an insurance company was involved in some manner in the case, we cannot agree that such action was prejudicial or that it mandates a new trial.

Michigan law provides two grounds for overturning a jury's verdict because of the disclosure of an insurance company's interest in a case. The first is the above-cited statute, which became effective in 1931, when the Michigan Supreme Court adopted it as a rule of

trial practice. *See* Darr v. Buckley, 355 Mich. 392, 94 N.W.2d 837 (1959); Felice v. Weinman, 372 Mich. 278, 126 N. W.2d 107 (1964). The second is the judicial doctrine that irrelevant matters should not be introduced at trial; whether a party is insured has no bearing on whether he should recover or pay a damage award. *See* Hill v. Harbor Steel and Supply Corp., 374 Mich. 194, 132 N.W.2d 54 (1965); Leitelt Iron Works v. De Vries, 369 Mich. 47, 119 N.W.2d 101 (1962); Wright v. Delray Connecting R. R., 361 Mich. 619, 106 N. W.2d 247 (1960).

■ Under either line of cases, an accidental or inadvertent disclosure of an insurance company's interest in a case does not require the retrial of the matter. Bunda v. Hardwick, 376 Mich. 640, 138 N.W.2d 305 (1965); Rumptz v. Leahey, 26 Mich.App. 438, 182 N.W.2d 614 (1970); Bishop v. Wolinski, 16 Mich.App. 753, 168 N.W.2d 651 (1969). The reason for this is that the Michigan statute and the common law rule both seek to prevent counsel from deliberately injecting prejudicial or irrelevant matters into the legal dispute. When a mention of an insurance company's interest in a case has resulted from the uncontrolled response of a witness or other inadvertent causes, the Michigan courts have left it to the trial court to determine whether a new trial is nonetheless required. Savage v. Parts Warehouse Co., 19 Mich.App. 416, 173 N.W.2d 7 (1969); Watroba v. Detroit, 334 Mich. 182, 54 N.W.2d 212 (1952); Crenshaw v. Goza, 43 Mich.App. 437, 204 N.W.2d 302 (1972).

■ We cannot say that the District Court abused its discretion in this case. The revelation was not made by either party, but rather by an inadvertent mistake made by a member of the court's staff; the parties were advised of the mistake at the time and failed to object or to request additional jury instruc-

tions; it was the appellant that attempted unsuccessfully to bring the complicating information to the attention of the jury at an earlier stage of the trial; and the damage award is clearly within the proper range, based on the evidence of injury. Under the circumstances, a new trial is not required.

Appellant complains that the trial court erred in allowing Mr. Beemsterbore to testify as an expert witness on the customs in the scaffolding industry, and that it further erred in denying its motion for a directed verdict based upon appellee's contributory negligence. The briefs filed in this Court raised a question as to whether Michigan law (the law of the forum), or Pennsylvania law (the law of the place where the injury occurred), should be applied in resolving these two issues. There is no occasion to consider this conflict of laws problem, however, because the law of the two involved states is virtually identical as it relates to the issues raised.

■ The determination of the qualifications of an expert witness is left to the trial court, and must be sustained unless manifestly erroneous. Abbott v. Onopiuk, 437 Pa. 412, 263 A.2d 881 (1970); Smith v. Children's Hospital of Michigan, 33 Mich.App. 186, 189 N.W.2d 753 (1971). In this case, following an extended colloquy concerning Mr. Beemsterbore's qualifications, the trial judge determined that he was an expert. We find no abuse of discretion. Whether appellee in the instant case was guilty of contributory negligence was, as the Court properly charged, for the jury to determine. The jury having made that determination, "[i]t may not be said that the record does not support the finding made thereon." Wright v. Delray Connecting R. R. Co., *supra,* 361 Mich. at 628, 106 N.W.2d at 251; *accord,* Quinn v. Funk Bldg. Corp., 437 Pa. 268, 263 A.2d 458 (1970).

The judgment of the District Court is affirmed.