979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey James DURANSEAU, Defendant-Appellant.
 No. 91-1966.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harvey Duranseau was convicted, after a jury trial, of two counts of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. The district court sentenced Duranseau to two concurrent 41 month terms of imprisonment, a departure sentence under the guidelines, and this appeal followed. The parties have briefed the issues, Duranseau acting without counsel.
 
 
 3
 Upon consideration, we find no error in the guilt phase of Duranseau's trial. Duranseau was convicted of two separate incidents of interstate transportation of stolen property with a value of $5,000. Two expert witnesses testified at trial as to the value of the property. Duranseau's contention that the expert testimony was improperly admitted is without foundation in law or fact. The trial court's determination of the qualifications of the witnesses was not clearly erroneous. Heuss v. Rockwell Standard Corp., 495 F.2d 1207, 1210 (6th Cir.1974). The remainder of the trial on the merits was regular in all respects.
 
 
 4
 Our review of the sentence leads us to conclude that the district court's decision was also proper in this regard. The district court stated for the record that Duranseau's criminal history category under-represented his actual criminal record. The court specifically stated that Duranseau's prior conviction for conspiracy to manufacture explosives without a license, not having been factored into the criminal history category under U.S.S.G. § 4A1.2(e), should nevertheless be used to increase Duranseau's criminal history by one level.
 
 
 5
 We review an upward departure under the standard set forth in United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989). We find the departure reasonable under Joan. Section 4A1.2(e) directs a court not to sentence a defendant based on any previous sentence of less than one year and one month that was imposed more than ten years prior to the commencement of the instant offense. Duranseau's prior conspiracy to manufacture explosives was initially assigned no criminal history value because it was excludable under § 4A1.2(e). The court then used the sentence to effect an upward departure in Duranseau's criminal history, pursuant to U.S.S.G. § 4A1.3, the guideline policy statement on the adequacy of a criminal history. Although this was an older dissimilar crime, the weight of authority holds that a court's decision to use this sentence to effect a departure is permissible under certain circumstances. See, e.g., United States v. Rusher, 966 F.2d 868, 881-82 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (1992); United States v. Aymelek, 926 F.2d 64, 72-73 (1st Cir.1991) (and cases cited therein). We find the district court's use of the prior convictions in Duranseau's sentencing was not error.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.