GOLD *v.* DETROIT UNITED RAILWAY.

1. TRIAL—CONTRIBUTORY NEGLIGENCE—REPETITION OF CORRECT INSTRUCTIONS NOT ERROR.

   In an action for personal injuries, repetition of correct instructions on the question of contributory negligence was not error.

2. SAME—WHERE JURY REQUESTS INSTRUCTIONS THEY SHOULD BE COMPLETE.

   Where, in an action against a street railway company for personal injuries received in a collision between plaintiff's junk wagon and defendant's street car, there was testimony taking to the jury the questions of defendant's negligence and plaintiff's contributory negligence, and also the question of discovered negligence, and after the jury had retired they returned in the absence of plaintiff's counsel and asked the court whether, if both parties were found negligent, the defendant could be found for damages, it was error for the trial court to cause the stenographer to read to them the instructions on the subject of com-

   223—Mich.—14.

parative negligence without also causing to be read the instructions on the subject of discovered negligence.

3. NEGLIGENCE—COMPARATIVE NEGLIGENCE.
The doctrine of comparative negligence does not obtain in this State.

4. SAME—DISCOVERED NEGLIGENCE.
The injured party may recover notwithstanding his contributory negligence if the other party was guilty of discovered negligence.   •

5. APPEAL AND ERROR—SUBSTANTIAL ERROR REQUIRES REVERSAL.
Although, in a personal injury case, plaintiff's case was weak and defendant's strong, where plaintiff was deprived of a substantial right on the trial, the Supreme Court is in duty bound to reverse, since it does not try cases *de novo* on the law side of the court.

Error to Wayne; Covert (Frank L.), J., presiding. Submitted April 10, 1923.   (Docket No. 49.)   Decided June 4, 1923.

Case by Simon Gold against the Detroit United Railway and another for personal injuries.   Judgment for defendants.   Plaintiff brings error.   Reversed.

*Charles A. Lorenzo* (*Walter M. Meek*, of counsel), for appellant.

*William G. Fitzpatrick* (*William E. Tarsney*, of counsel), for appellees.

FELLOWS, J.   Plaintiff received serious injuries in the collision of a junk wagon he was driving with an interurban car of the Detroit United Railway on Gratiot avenue at Sterritt avenue in the city of Detroit.   He brings this action to recover for such injuries and for damages to his horse and rig.   There was testimony taking the question of defendants' negligence and plaintiff's contributory negligence to

the jury. There was also testimony taking the question of discovered negligence to the jury. The case was submitted to the jury resulting in a verdict for the defendants. The charge fairly instructed the jury upon the questions of negligence of defendants, contributory negligence of the plaintiff, gave plaintiff's request on the subject of discovered negligence, and correctly told the jury that the doctrine of comparative negligence did not obtain in this State. One of plaintiff's requests was not given in the language of counsel but was covered, we think, in the charge as given. It was not error for the trial judge to, on more than one occasion, correctly instruct the jury on the subject of contributory negligence.

After the jury had deliberated for some time they returned to the court in the absence of plaintiff's counsel and submitted to the court the following question:

"If the two parties involved are found negligent, could the defendant be found for damages? Foreman."

The stenographer then read to the jury the instruction of the court on the question of comparative negligence as follows:

"Another thing I want to speak to you about is sometimes called comparative negligence. It might be that some of the jurors might arrive at the conclusion that both parties were guilty of negligence, but the railway company was guilty of greater negligence. There is no such rule of law as that. The rule is as I have already stated to you, there must be negligence on the part of the defendant company, which is the proximate cause of the injury and there must be no contributory negligence on the part of the plaintiff."

The jury, being asked if that was what they wanted, replied in the affirmative and retired and brought in a verdict for the defendants. The reporter did not

read the instructions on the question of discovered negligence and the judge did not in any way call their attention to the law on that subject.

It is insisted by defendants' counsel that this did not constitute reversible error under the holding of this court in *Loose* v. *Township of Deerfield,* 187 Mich. 206. We think that case is clearly distinguishable from the instant one. There the jury desired certain testimony read to them; the testimony of two witnesses was read; defendant's counsel, who was not present when this took place, here contended that other and further testimony should have been read. It must be borne in mind that the reading of any testimony and the extent to which it shall be read is primarily addressed to the sound discretion of the trial judge. Here it was not a question of what the testimony showed, but the jury propounded to the judge a purely legal question, in effect: May the plaintiff recover if both parties were guilty of negligence? It is settled beyond cavil by this court that the doctrine of comparative negligence does not obtain in this jurisdiction; it is equally settled that the injured party may recover notwithstanding his contributory negligence if the other party is guilty of discovered negligence. The question asked by the jury was not correctly answered upon the facts in this case unless the jury was told the law of discovered negligence as well as the law of comparative negligence. We think this incident constituted reversible error. While it is true that the plaintiff's case was weak and the defendants' was strong, we do not sit as a jury to try cases *de novo* on the law side of the court, and where a party has been deprived of a substantial right upon the trial below we are in duty bound to reverse. By the failure to correctly answer the question propounded as to the legal rights

of the parties upon the facts of the case, we think plaintiff was deprived of a substantial right.

The judgment will be reversed, with a new trial and costs of this court.

McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, C. J., did not sit.