KLEIN *v.* WAGENHEIM.

OPINION OF THE COURT.

1. TRIAL—FUNCTION OF COURT AND JURY.
   Jury trial is a proceeding in which jury are the triers of the facts and courts are judges of the law.

2. SAME—JURY TRIAL DEFINED.
   Jury trial means that the ultimate determination of the issues of fact is for the jury under guidance and direction of the court.

3. APPEAL AND ERROR—JURY'S REQUEST THAT TESTIMONY BE READ OVER TO THEM—PREJUDICE.
   Trial court's denial of jury's request that all testimony be read over to them after jury began deliberations at close of trial lasting 2 days, *held,* prejudicial in trial of case wherein plaintiff alleged that he was negligently struck by defendant's truck and record clearly demonstrated the jury needed court's guidance and assistance in their determination of difficult issues of fact.

4. COSTS—RESPONSIBILITY FOR ERROR.
   No costs are allowed on appeal in action, where reversible error was not caused by the parties to the litigation.

DISSENTING OPINION.

J. H. GILLIS, J.

5. TRIAL—JURY'S REQUEST TO HAVE TESTIMONY READ—DISCRETION OF COURT.
   *Whether the stenographer's shorthand notes of testimony should be read to the jury upon its request is a matter within the discretion of the court.*

6. APPEAL AND ERROR—JURY'S REQUEST TO HAVE TESTIMONY READ— DISCRETION OF COURT.
   *Trial judge held, not to have abused discretion in denying jury request that shorthand notes of court reporter be read to them,*

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 53 Am Jur, Trial §§ 157, 158.
[3] 53 Am Jur, Trial §§ 936–940.
[4] 5 Am Jur 2d, Appeal and Error § 1014.
[5, 6] 53 Am Jur, Trial §§ 936–940.

*where personal injury case did not present any unusual or difficult issues of fact for jury determination.*

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 December 9, 1965, at Detroit. (Docket Nos. 333, 334.)  Decided April 26, 1966. Leave to appeal granted by Supreme Court August 25, 1966.  See 378 Mich 729, 379 Mich 558.

Declaration by George Klein against Albert Wagenheim, doing business as Superior Radio Repair, for alleged injuries sustained when struck by a truck being driven by defendant.  Similar case by Olga Klein for loss of consortium.  Cases consolidated for trial.  Verdict and judgment for defendant.  Plaintiffs appeal.  Reversed and remanded.

*M. Manuel Merzon,* for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock,* of counsel), for defendant.

WATTS, J.  Plaintiffs' civil suits were consolidated for jury trial.  The husband, George Klein, instituted civil suit for damages, in the Wayne county circuit court, resulting from being struck by an automobile; his wife, Olga Klein, for damages resulting from loss of consortium.  Judgment of no cause for action is appealed by plaintiffs.

George Klein testified that he was a plumber by trade, employed by Hartwell Plumbing & Heating Company located at 15364 Schaefer highway in Detroit; that on January 4, 1961, at approximately 8 a.m. he parked a truck on Tracey avenue and proceeded to walk to the plumbing shop for materials; that he walked on the west side of Schaefer to a point opposite his place of employment, which is

located on the east side of Schaefer approximately 250 feet north of Fenkell; that the northbound and southbound vehicular traffic on Schaefer was stopped for a traffic signal at the intersection of Fenkell and Schaefer; that motor vehicles were parked on the west side of Schaefer in the curb lane, and a number of southbound cars were stopped in the lane east of the curb lane waiting for the traffic signal to change.

Plaintiff further testified that he entered Schaefer highway from the west, walked between cars parked at the curb and cars stopped for a traffic signal at Fenkell and Schaefer; that after he had passed the second lane of cars, he looked to the north and to the south and saw no moving traffic; that he continued to cross Schaefer when he was struck by a truck driven by the defendant in southerly direction in a northbound lane; and that his left leg was fractured in the accident and he was taken to the hospital where he remained for a period of 25 days.

Plaintiffs contend that the negligence of the defendant was the proximate cause of the accident which resulted in injuries to George Klein and loss of consortium to Olga Klein. Plaintiff George Klein claims damages in the amount of $100,000, and plaintiff Olga Klein damages in the amount of $50,000.

The defendant contends that he was proceeding south in the southbound lane and that plaintiff suddenly ran into the side of his motor vehicle.

Defendant further contends that he was operating a motor vehicle in a lawful and proper manner and at a legal rate of speed, that the accident happened solely because of the contributory negligence of the plaintiff.

After the jury had deliberated for some time, they returned to the courtroom and requested that the testimony be read. The court denied their request.

The jury returned with a verdict of no cause for action.

The plaintiffs moved for a new trial, alleging 9 assignments of error. The third assignment of error alleges that the court erred in denying the request of the jury to have the testimony read. The trial court denied plaintiffs' motion for a new trial.

In answer to the jurors' request to have the testimony read, the court said:

*"The Court:* I have a note, members of the jury, that says the jury specifically requests that the testimony be read over to them.

"Let me explain that to you. I do not deem it proper to read any testimony, unless you read all of the testimony of the case, for the simple reason that if you read some of it you tend to emphasize that over the other.

"So that I have always held, and I think it is generally held, although some judges may not agree with me, that it is improper to read part of the testimony.

"I feel the only proper way to do it would be to read everything in the case. I wonder if you want to take 2 days and have it all read back to you.

"(Juror No 9 rises)

*"The Court:* Are you the foreman, sir?
*"Foreman:* Yes, sir.

"This was what we had in mind. We would like to hear it all read over again.

*"The Court:* Well, as a last resort * * * It would take 2 days; it can't be read any faster than it was given. That means we would have to release the reporter and tie him up somewhere in another courtroom, and get a new reporter in, and you would have to sit and listen to all of it.

"And how long did the case take? It took nearly 2 days, didn't it? It can't be read any faster than

you heard it in the trial. I wonder if we want to be tied up that long in reading it all.

"Why don't you try to work a little more and see if you can come up with something, and see what happens? You may retire."

Question: Was the trial court's denial of the jury's request to have the testimony read reversible error?

A jury trial is a proceeding in which the jury are the triers of the facts and the courts are the judges of the law. A jury trial means that the ultimate determination of the issues of fact is for the jury under the guidance and direction of the court.

The record clearly indicates the jury's need for the court's guidance and assistance in their determination of the difficult issues of fact raised in the instant trial. The jury was compelled to return to the jury room without hearing the testimony read. Their request was fundamentally and basically sound, timely, and reasonable. It appears from the record that the court's denial of the jury's request was solely for administrative and economic reasons. See *Rich* v. *Daily Creamery Co.* (1942), 303 Mich 344, 357, 358; *Knipfer* v. *Shaw* (1933), 210 Wis 617 (246 NW 328); *Halada* v. *Venice Lake Park, Inc.* (1955), 132 Cal App 2d 788 (283 P2d 42).

While we realize that many of the trial courts of this State are extremely busy and that the backlogs of cases face most dockets, we feel that the court should properly dispose of the case at hand before thinking of the next case to be heard.

In our opinion, the denial by the trial court of the jury's request, namely, that the testimony be read to them, is prejudicial.

We have considered the plaintiffs' other assignments of error and find them to be without merit.

Reversed and remanded to the Wayne county circuit court for a new trial. No costs, as the error was not caused by the parties to the litigation.

BURNS, J., concurred with WATTS, P. J.

J. H. GILLIS, J. *(dissenting)*. The 254-page transcript in this case discloses that the plaintiff-husband attempted to cross a busy thoroughfare in the middle of the block at an angle and was struck by defendant's vehicle which was traveling below the posted speed limit. There is conflicting testimony on the question of whether the plaintiff-husband ran or walked out from between parked cars and further conflicting testimony concerning the lane of traffic in which the defendant had been traveling immediately prior to the accident.

After the jury had retired to deliberate on their verdict, they sent a note to the trial judge requesting the court to have testimony read to them. The trial court questioned the jury as set forth in the majority opinion and then advised the jury as follows:

"Why don't you try to work a little more and see if you can come up with something, and see what happens?"

An hour and 45 minutes later the jury returned with a verdict of no cause for action.

This Court must determine whether the trial court committed reversible error by sending the jury back to deliberate further after they had requested testimony be read to them.

The record does not indicate any unusual or difficult issues of fact for the jury to determine.

The Michigan Supreme Court in *People* v. *Shuler* (1904), 136 Mich 161, at page 167, considered the

issue of whether the trial court committed reversible error in reading a portion of the testimony at the request of the jury. The Supreme Court held that it was discretionary with the court whether such testimony should be read to the jury. In *Long v. Township of Weare* (1917), 195 Mich 706, 712, the jury requested the trial court to give further instructions and the Supreme Court stated:

"While he might have had the charge read to the jury again, or repeated what he had said on former occasions, it was not error to decline so to do."

See annotation 50 ALR2d 176, "Right to have reporter's notes read to jury."

"It is within the sound judicial discretion of the trial court to grant a request of the jury to have read to them by the court stenographer the shorthand notes of the testimony of particular witnesses." 50 ALR2d 176, 193.

I have considered the plaintiffs' other allegations of error and agree with the majority opinion that they are without merit.

I would affirm the judgment for the reasons above stated.