### KLEIN v. WAGENHEIM.

1. TRIAL—READING TESTIMONY TO JURY—DISCRETION OF COURT.
   Reading of testimony from the court reporter's notes, and the extent to which it shall be read to the jury, is primarily addressed to the sound discretion of the trial judge.

2. SAME—READING TESTIMONY TO JURY—DISCRETION OF COURT.
   Statement of trial court that it is improper to read any testimony from the stenographer's notes unless all of the testimony of the case is read to the jury, *held*, error.

3. SAME—READING TESTIMONY TO JURY—DISCRETION OF COURT—HARMLESS ERROR.
   Erroneous statement of trial judge that it is not proper to read any testimony in a case from the stenographer's notes unless all of the testimony is read to the jury, *held*, not reversible error, where the judge did not rule out the possibility of having the testimony read at later time, but directed the jury to "try to work a little more and see if you can come up with something, and see what happens".

Appeal from Court of Appeals, Division 1, Watts, P. J., and Burns, J. (J. H. Gillis, J., dissenting), reversing Wayne, Gilmore (Horace W.), J. Submitted October 6, 1967. (Calendar No. 13, Docket Nos. 51,488, 51,489.) Decided November 6, 1967.

3 Mich App 74, reversed.

Declaration by George Klein against Albert Wagenheim for personal injuries suffered when plaintiff

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur, Trial §§ 463, 939.

was struck by a truck driven by defendant. Derivative action by Olga Klein, wife of George Klein, for loss of consortium. Verdict and judgment for defendant. Plaintiffs appealed to Court of Appeals. Reversed, and remanded for new trial. Defendant appeals by leave granted. Court of Appeals reversed, and trial court affirmed.

*Peter R. Barbara,* for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock,* for defendant.

T. M. KAVANAGH, J. Plaintiff George Klein filed a declaration (now called complaint) in Wayne county circuit court alleging he suffered actionable injuries on January 4, 1961, when struck by a truck driven by defendant Albert Wagenheim. Plaintiff Olga Klein, wife of George Klein, filed suit for loss of consortium. The cases were consolidated for trial.

After the testimony, argument, and the court's instructions, the jury began its deliberations. Subsequently they returned to the courtroom and requested the testimony of the trial be read back to them. The trial judge disposed of the request in the following manner:

*"The Court.* I have a note, members of the jury, that says the jury specifically requests that the testimony be read over to them.

"Let me explain that to you. I do not deem it proper to read any testimony, unless you read all of the testimony of the case, for the simple reason that if you read some of it you tend to emphasize that over the other.

"So that I have always held, and I think it is generally held, although some judges may not agree

with me, that it is improper to read part of the testimony.

"I feel the only proper way to do it would be to read everything in the case. I wonder if you want to take 2 days and have it all read back to you.

"(Juror No. 9 rises.)

"*The Court.* Are you the foreman, sir?

"*Foreman.* Yes, sir.

"This was what we had in mind. We would like to hear it all read over again.

"*The Court.* Well, as a last resort.  *  *  *  It would take 2 days; it can't be read any faster than it was given. That means we would have to release the reporter and tie him up somewhere in another courtroom, and get a new reporter in, and you would have to sit and listen to all of it.

"And how long did the case take? It took nearly 2 days, didn't it? It can't be read any faster than you heard it in the trial. I wonder if we want to be tied up that long in reading it all.

"Why don't you try to work a little more and see if you can come up with something, and see what happens? You may retire."

The jury retired for further deliberations. They brought in a verdict of no cause of action. Plaintiffs appealed.

The Court of Appeals' majority held that the trial judge's denial of the jury's request was prejudicial and reversible error requiring a new trial. See 3 Mich App 74.

The dissenting opinion in the Court of Appeals cites two cases in support of his belief that the rule in Michigan is that it is within the discretion of the trial judge as to whether such testimony should be read to the jury.

Defendant-appellant is here on leave granted. He argues that the trial judge did not abuse his discretion and therefore did not commit reversible error when the jury asked him to read the testimony

and the judge, instead of doing so, asked them to retire and try to work a little more and see if they could come up with something.

In the case of *People* v. *Shuler,* 136 Mich 161, a criminal case, after the jury had retired to consider their verdict they wished information as to certain testimony which had been produced before them, and the court complied with their request. The Supreme Court said (p 167):

"We think this was a matter within the discretion of the court, and that it was not reversible error."

Also, see *Gold* v. *Detroit United Railway,* 223 Mich 209, where the Court said (p 212):

"It must be borne in mind that the reading of any testimony and the extent to which it shall be read is primarily addressed to the sound discretion of the trial judge."

See annotation, 50 ALR2d 176, "Right to have reporter's notes read to jury," where it is said at p 193:

"It is within the sound judicial discretion of the trial court to grant a request of the jury to have read to them by the court stenographer the shorthand notes of the testimony of particular witnesses."

We hold the trial court was in error in saying:

"I do not deem it proper to read any testimony, unless you read all of the testimony of the case, for the simple reason that if you read some of it you tend to emphasize that over the other."

This is not now and never has been the law in Michigan. However, we do not believe it was reversible error, for the reason he did not rule out the possibility of having the testimony read at a later time, but directed the jury to "try to work

a little more and see if you can come up with something, and see what happens." See *Patterson* v. *Phillips*, 216 Wis 165 (256 NW 624).

Under the circumstances of this particular case, we hold the trial court did not commit reversible error.

The Court of Appeals' reversal and grant of a new trial is reversed, and the judgment of no cause of action in the trial court is affirmed.

Defendant-appellant shall have costs.

DETHMERS, C. J., and KELLY, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred with T. M. KAVANAGH, J.

BLACK, J., concurred in the result.