PEOPLE *v.* GREGORY TURNER

1. CRIMINAL LAW—TESTIMONY—READING TO JURY—DISCRETION.
   The general rule is that when a jury requests that testimony be read back to it, both the reading and extent of reading is a matter confided to the sound discretion of the trial judge.

2. CRIMINAL LAW—JURY—INFLUENCING VERDICT.
   A trial judge did not convey to a jury that he desired a verdict of guilty by first denying the jury's request to have the testimony of an eyewitness to an armed robbery read back and then granting the request after he learned that most of the jurors had voted to convict the defendant where the communication to the judge of how the jurors had voted occurred inadvertently, the judge made it clear that this information was not pertinent to the jury's request, and the jurors, not

---

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 53 Am Jur, Trial § 963 *et seq.*

the judge, selected what should be read, which included the eyewitness's entire testimony, both direct and cross.

3. Criminal Law—Testimony—Reading to Jury.
   Reading back to the jury some of the testimony in a criminal case does not require that the entire testimony of all the witnesses be read back.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 November 2, 1971, at Grand Rapids. (Docket No. 10872.) Decided November 23, 1971.

Gregory Turner was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Robert L. Pangle,* Chief Appellate Attorney, for the people.

*Russell A. Kreis,* for defendant on appeal.

Before: R. B. Burns, P. J., and Levin and T. M. Burns, JJ.

Levin, J . The defendant appeals his conviction of armed robbery. MCLA 750.529, MSA 28.797.

After the jurors retired to consider their verdict they returned and the foreman asked that the testimony of the victim and of the only other eyewitness be read back to them. The judge refused the request saying that the trial had lasted but one day—the jurors were deliberating on the following day—and he did not think the request was justified. The jurors again retired to consider their verdict.

Later they reported that they were unable to agree on a verdict and stood nine or ten for con-

viction. In response, the judge said that perhaps he had been too hasty in refusing the previous request and if the jurors still desired that the testimony be read it could be done, "if that is where the dividing line is between you, that you cannot agree upon what the testimony was".

The jurors were permitted to consider the judge's response in private and reported that they would like to have the eyewitness's testimony read. The jurors were then excused so the judge could consider the matter with counsel. The defendant's lawyer asked that the request be denied and, if it was granted, that the testimony of all the witnesses be read. The judge ruled that the eyewitness's testimony would be read in its entirety, direct and cross, and it was so read to the jurors. None of the testimony of the other witnesses was read.

We do not think the judge conveyed to the jury that he desired a guilty verdict by first denying the jury's request and then granting it after he learned that most of the jurors had voted to convict the defendant. The communication to the judge of how the jurors had voted occurred inadvertently. The judge made it clear that this information was not pertinent:

"*Juror No. 7:* Your Honor, we find the conclusion is, this far, we have nine guilty—

"*The Court:* Don't tell me that—.

"*Juror No. 7:* I am sorry, sir.

"*The Court:* That's right. You should not. You have not agreed upon a verdict?

"*Juror No. 7:* We have not agreed upon a verdict."

We have examined the authorities cited by the defendant's lawyer. They do not substantiate his contention that the defendant should be granted a new

trial because the eyewitness's testimony was read back to the jurors.

The general rule, well established, is that when a jury requests that testimony be read back to it both the reading and extent of reading is a matter confided to the sound discretion of the trial judge. See *Klein* v *Wagenheim,* 379 Mich 558, 561 (1967); *People* v *Walker,* 371 Mich 599, 610 (1963); *Rumptz* v *Leahey,* 26 Mich App 438, 443 (1970).

In *Klein* v *Wagenheim, supra,* p 561, the Michigan Supreme Court considered and rejected the argument that it is not proper to read any testimony, unless all the testimony is read, because otherwise there would be a tendency to emphasize what is read. The Court declared: "This is not now and never has been the law in Michigan".

It obviously would be far too burdensome a rule to require that the entire testimony of all the witnesses be read back if any testimony is read. In this case the jurors, not the judge, selected what should be read; the entire testimony of the witness, both direct and cross, was read. There was no error.

Affirmed.

All concurred.