PEOPLE v BLOOM

1. TRIAL—READING TESTIMONY TO JURY—DISCRETION.

    The general rule is that when a jury requests that testimony be
        read back to it both the reading and extent of reading is a
        matter confided to the sound discretion of the trial judge and
        contained within this case-law rule is the recognition that a
        jury will at times require testimony read back to it to resolve a
        disagreement or correct a memory failure; a trial court must
        exercise its discretion to assure fairness and to refuse unreason-
        able requests but it cannot simply refuse to grant the jury's
        request for fear of placing too much emphasis on the testimony
        of one or two witnesses.

2. HOMICIDE—NEGLIGENT HOMICIDE—READING TESTIMONY TO JURY—
        DISCRETION.

    The trial judge abused his discretion by failing to properly
        consider what appears to have been a reasonable request on the
        part of the jury at a trial which resulted in a defendant's
        conviction of negligent homicide where it asked to rehear the
        testimony of one of the prosecution's witnesses, the judge did
        not indicate that he thought the request was unreasonable and
        neither did the judge ask the jury to resume deliberations with
        the knowledge that their request would again be reviewed if
        the jury members continued to find it necessary to rehear
        certain testimony.

Appeal from Arenac, Carl L. Horn, J. Submitted
March 3, 1977, at Grand Rapids. (Docket No.
23705.) Decided May 5, 1977.

Harvey M. Bloom was convicted of two counts of
negligent homicide. Defendant appeals. Reversed
and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 76 Am Jur 2d, Trial §§ 1041–1043.
    Right to have reporter's notes read to jury. 50 ALR2d 143.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Norman H. Ehrnst,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

*Terrance R. Flanagan* and *Chari Grove,* Assistants State Appellate Defender, for defendant.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK, JR. and J. T. Letts,* JJ.

PER CURIAM. Defendant was charged with and convicted by a jury of two counts of negligent homicide, MCLA 750.324; MSA 28.556. Thereafter sentenced to 24 months probation and a $500 fine, defendant appeals as of right.

While defendant raises seven assignments of error, one is dispositive and we therefore limit our discussion to that single issue.

After the jury had commenced deliberations the court received a written request from the jury for a transcript of the testimony of one of the prosecution's witnesses. Out of the presence of the jury the court advised counsel that it would not honor such request. In fact the court, in pertinent part, stated:

"Let the record also show that the Court received a note from the jury at 1:55 o'clock P.M. which indicates they want a transcript of Robert Ramseyer's testimony. I am going to bring the jury back in and tell them I am not going to have it read to them.

"I have the transcript of Mr. Ramseyer's testimony, as I indicated earlier. I wanted to look it over. I sure don't want to read the whole record back to them. It was a rather lengthy trial. I will tell them to deliberate on their recollection of what the testimony was."

\* \* \*

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

"I understand your position, but I don't want it read to them. Well, I don't know how much they want or anything else. I think it would be as much for the defendant as for the People, it would emphasize too much the testimony of one witness."

Defense counsel strenuously objected to the court's decision not to have the testimony of the witness re-read. Thereafter the jury was called in and the court stated to the jury as follows:

"Members of the jury, I got a note from you and it says you would like a transcript of the testimony of Robert Ramseyer. Now, members of the jury, in considering this question, I am not going to at this time have the testimony read to you. I feel it would unduly emphasize the testimony of this one witnss (sic). I am going to say to you to continue your deliberations under the instructions I have given you."

Appellant contends that the trial court committed reversible error by refusing to read the testimony of the witness following the jury's request.

In *People v Howe,* 392 Mich 670; 221 NW2d 350 (1974), the Supreme Court, in discussing the law governing the reading back of testimony, stated:

" 'The general rule, well established, is that when a jury requests that testimony be read back to it both the reading and extent of reading is a matter confided to the sound discretion of the trial judge. See *Klein v Wagenheim,* 379 Mich 558, 561 [153 NW2d 663] (1967); *People v Walker,* 371 Mich 599, 610 [124 NW2d 761] (1963); *Rumptz v Leahey,* 26 Mich App 438, 443 [182 NW2d 614] (1970).

" 'In *Klein v Wagenheim, supra,* p 561, the Michigan Supreme Court considered and rejected the argument that it is not proper to read any testimony, unless all the testimony is read, because otherwise there would be

a tendency to emphasize what is read. The Court declared: "This is not now and never has been the law in Michigan".' *People v Gregory Turner,* 37 Mich App 162, 165; 194 NW2d 496 (1971)." 392 Mich at 675–676.

In *Howe, supra,* the jury had requested that the testimony of the only two witnesses to the events surrounding the death of the victim be read to them. In that case the trial judge had refused the request on the basis that to give jurors bits of testimony puts too much emphasis on it.

In reversing the trial court, the Supreme Court in *Howe* stated:

"A trial court must exercise its discretion to assure fairness and to refuse unreasonable requests; but, it cannot simply refuse to grant the jury's request for fear of placing too much emphasis on the testimony of one or two witnesses." 392 Mich at 676.

Mr. Justice SWAINSON, the author of *Howe, supra,* went on to say:

"The trial judge did not indicate that he thought the request was unreasonable. Neither did he ask the jury to resume deliberations with the knowledge that their request would again be reviewed if the jury members continued to find it necessary to rehear certain testimony. See, *Klein v Wagenheim,* 379 Mich 558, 561–562; 153 NW2d 663 (1967); *People v Wright,* 41 Mich App 518, 523; 200 NW2d 362 (1972). The trial judge abused his discretion by failing to properly consider what appears to have been a reasonable request on the part of the jury." 392 Mich at 677.

The reason given by the trial court in the instant case for refusing the jury's request is substantially similar to the reason given by the trial judge in *Howe* for refusing to honor the jury's request. Moreover in the instant case the trial

judge stated that he thought such testimony to be as much for the defendant as for the people and our review of such witness's testimony leads us to the same conclusion. Additionally, in *Howe, supra,* defense counsel did not object whereas in the instant case defense counsel did object. Similarly as in *Howe, supra,* the trial judge in the instant case did not indicate that he thought the request to be unreasonable nor did he ask the jury to resume deliberations with the knowledge that their request would again be reviewed if the jury members continued to find it necessary to rehear certain testimony nor do we view such error to be harmless.

We therefore conclude, as the Supreme Court did in *Howe, supra,* that the trial court abused its discretion by failing to properly consider what appears to be a reasonable request on the part of the jury.

Since resolution of the foregoing issue disposes of this appeal we find it unnecessary to comment upon defendant's remaining allegations of error except to say that upon retrial, with respect to appellant's allegation that the information was fatally defective, we invite the prosecutor's attention to the cases of *People v Maki,* 245 Mich 455; 223 NW 70 (1929), and *People v Westerberg,* 274 Mich 647; 265 NW 489 (1936).

Reversed and remanded.