PEOPLE v BLACKBURN

Docket No. 78-929. Submitted November 6, 1979, at Lansing.—Decided January 9, 1980.

William Blackburn was convicted of three counts of armed robbery, Oakland Circuit Court, Robert L. Templin, J. Defendant appeals, alleging that his right not to be placed in double jeopardy was violated because he had been tried earlier on the same charges in a trial which had ended when the trial court granted a defense motion for a mistrial after the jury failed to return a verdict. *Held:*

1. In the first trial the jury requested that certain portions of the testimony be reread to them. This request was refused. When, after renewed deliberations, the jury failed to reach a verdict, defense counsel made a motion for a mistrial, which the court granted on the basis of manifest necessity. The grant of the motion on that basis was an abuse of discretion where the trial court had refused what appears to be a reasonable request from the jury.

2. The second trial was not barred by double jeopardy, however, because the motion for a mistrial in the first trial was made by defense counsel, and consent by the defense to a mistrial effectively eliminates the bar of double jeopardy.

Affirmed.

R. M. MAHER, P.J., dissented. He would hold that the waiver of double jeopardy protection requires the personal consent of a defendant, and that absent a manifestation in the record of such personal consent by the defendant, reprosecution is barred. He would reverse.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 176, 179, 180, 195.
   Propriety and effect as double jeopardy, of court's grant of new trial on own motion in criminal ease. 85 ALR2d 486.
[2] 21 Am Jur 2d, Criminal Law §§ 179, 180, 194.  .
[3] 21 Am Jur 2d, Criminal Law § 207.
[4, 5] 21 Am Jur 2d, Criminal Law § 195.
   What constitutes accused's consent to court's discharge of jury or to grant of state's motion for mistrial which will constitute waiver of former jeopardy plea. 63 ALR2d 782.

OPINION OF THE COURT

1. CRIMINAL LAW — DOUBLE JEOPARDY.

A defendant is placed in jeopardy once a jury is empaneled and sworn, and the defendant then has a right to have his guilt weighed finally by that tribunal; the state is precluded from bringing him to trial again for the same offense unless the defendant consents to the trial's interruption or a mistrial occurs because of manifest necessity.

2. CRIMINAL LAW — MISTRIAL — MANIFEST NECESSITY.

A mistrial may be declared on the basis of manifest necessity when the trial judge, in his discretion, concludes that the ends of public justice would not be served by a continuation of the proceedings.

3. CRIMINAL LAW — MISTRIAL — MANIFEST NECESSITY — JURY DEADLOCK.

A trial court abused its discretion by declaring a mistrial on the basis of manifest necessity where the jury failed to reach a verdict after the court refused the jury's request for certain portions of the testimony to be read back.

4. CRIMINAL LAW — MISTRIAL — DOUBLE JEOPARDY — CONSENT TO MISTRIAL.

A defense counsel's concurrence in a prosecutor's motion for a mistrial effectively eliminates the bar of double jeopardy against reprosecution of the defendant on the same charges, and the absence of the defendant's personal consent does not necessarily reflect the absence of his primary control over the proceedings; therefore, a defendant was not placed in double jeopardy by being tried a second time where his first trial ended when the court granted a motion for mistrial made by defense counsel.

DISSENT BY R. M. MAHER, P.J.

5. CRIMINAL LAW — DOUBLE JEOPARDY — WAIVER — MISTRIAL.

*Waiver of the protection against double jeopardy requires a personal manifestation of consent to such a waiver by the defendant; absent such a manifestation that a defendant consented to a motion for a mistrial made by defense counsel after the jury failed to reach a verdict, reprosecution of the defendant is barred by the prohibition against double jeopardy.*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant on appeal.

Before: R. M. MAHER, P.J., and MacKENZIE, and J. H. PIERCEY,* JJ.

PER CURIAM. Defendant was convicted of three counts of armed robbery, MCL 750.529; MSA 28.797, by an Oakland County Circuit Court jury. He was sentenced to 60 to 90 years imprisonment on one count and life imprisonment on each of the other two counts, the sentences to run concurrently. From these convictions and sentences, defendant appeals as of right.

The first trial on these charges was dismissed when the jury indicated that it could not reach unanimous agreement and defense counsel moved for a mistrial. Now, defendant argues that his double jeopardy rights were violated by the second trial. Defendant maintains that there was no manifest necessity for the mistrial; instead, the trial court forced it by refusing to honor a legitimate jury request for a rereading of the transcript. Further, defendant contends that the fact that defense counsel approved and/or requested a mistrial is of no significance since the record fails to indicate that defendant himself played any role in consenting to his counsel's actions.

Once a jury is empaneled and sworn a defendant is placed in jeopardy. *United States v Jorn,* 400 US 470, 479; 91 S Ct 547, 554; 27 L Ed 2d 543, 553 (1971), *People v Gardner,* 37 Mich App 520; 195 NW2d 62 (1972). When a defendant has been

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

placed in jeopardy, he has a right to have his guilt weighed finally by that tribunal. Unless he consents to the trial's interruption, or a mistrial occurs because of manifest necessity, the state is precluded from bringing him to trial again. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

The doctrine of manifest necessity allows a trial judge to declare a mistrial when a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings. See *United States v Dinitz,* 424 US 600, 607; 96 S Ct 1075; 47 L Ed 2d 267 (1976), and *People v Williams,* 85 Mich App 258, 262-263; 271 NW2d 191 (1978). We review this trial court determination, then, under an abuse of discretion standard, *People v Robertson,* 87 Mich App 109; 273 NW2d 501 (1978).

The record of the first trial reveals that after deliberating for a short time the jury indicated they were "hopelessly deadlocked". The trial judge urged agreement if at all possible, with due respect for the rights of the people and the defendant, and sent the jury back for further deliberation. Shortly thereafter, the jury returned with a request for a rereading of the testimony of certain witnesses. The court replied:

"The answer to that is to read back only certain portions of testimony is not allowed, it is improper and the reason is that emphasizes certain portions of testimony and might de-emphasize others. To get the entire transcript it would take as long to prepare that as it took to try the case. Obviously, the reporter would have to type it and take more than a week to do it. I cannot have just portions of the testimony transcribed."

Thereafter, when the jury still could not reach agreement after a third round of deliberations, defense counsel moved for, and the trial court declared, a mistrial.

Reserving the question of the effect of defense counsel's motion, we hold the trial court abused its discretion in declaring a mistrial on manifest necessity grounds. Although the failure of a jury to reach a verdict has been held sufficient to establish a manifest necessity in some circumstances, see *United States v Perez,* 22 US (9 Wheat) 579; 6 L Ed 165 (1824), such a ruling is not in order on the facts of this case.

In *People v Howe,* 392 Mich 670; 221 NW2d 350 (1974), a similar situation was presented. There, the jury requested that the testimony of two witnesses be read back. The trial judge refused this request on the basis that to give jurors bits of testimony puts too much emphasis on it. In reversing the trial court, the Supreme Court in *Howe* stated:

"A trial court must exercise its discretion to assure fairness and to refuse unreasonable requests; but, it cannot simply refuse to grant the jury's request for fear of placing too much emphasis on the testimony of one or two witnesses." 392 Mich at 676.

Just as in *Howe,* the instant trial judge did not indicate that he thought the request was unreasonable. Neither did he ask the jury to resume deliberations with the knowledge that their request would again be reviewed if the jury members continued to find it necessary to rehear certain testimony. Accordingly, just as in *Howe,* we find the trial judge abused his discretion by failing to properly consider what appears to have been a reasonable request on the part of the jury. See also

*People v Bloom,* 76 Mich App 405, 409; 257 NW2d
105 (1977).

As stated above, however, this does not end our
inquiry. The state is not barred from reprosecution
when a mistrial is declared out of manifest neces-
sity *or* upon defendant's consent. See *Alvin John-
son, supra,* 431. Defendant now argues that he
never personally consented to the motion for mis-
trial made in his behalf by defense counsel.

An identical claim was raised in *People v Hoff-
man,* 81 Mich App 288; 265 NW2d 94 (1978). The
*Hoffman* Court surveyed the case law in this area
and concluded that the concurrence by defense
counsel in a prosecutorial motion for mistrial effec-
tively eliminated the bar of double jeopardy. More-
over, in *Hoffman,* although this Court encouraged
trial courts to elicit the express consent of defen-
dants to mistrials, it did not believe that the
absence of a defendant's personal consent neces-
sarily reflected the absence of his primary control
over the proceedings. We are in accord with these
conclusions. Accordingly, we find that defendant's
second trial was not barred by double jeopardy.
The remaining allegations raised by defendant are
of little merit and do not warrant our further
consideration.

Affirmed.

R. M. MAHER, P.J. *(dissenting).* I must dissent
from the result reached by the majority on the
issue of double jeopardy. For the reasons stated in
my concurring opinion in *People v Hoffman,* 81
Mich App 288; 265 NW2d 94 (1978), I read *People
v Alvin Johnson,* 396 Mich 424; 240 NW2d 729
(1976), to require a personal manifestation by the
defendant that he or she consents to a waiver of
the protection against double jeopardy. The record

herein does not disclose a statement to that effect
by the defendant, nor a demonstration that de-
fense counsel consulted with his client prior to
making his motion for a mistrial. I would there-
fore hold that reprosecution of the defendant is
barred by the constitutional prohibition of double
jeopardy.

I would reverse.