PEOPLE v GRENKE

Docket No. 51985. Submitted November 19, 1981, at Detroit.—Decided January 20, 1982.

> James H. Grenke was charged with possession of a gas-ejecting device in the Recorder's Court of Detroit. At the close of proofs in a bench trial, the judge, Justin C. Ravitz, *sua sponte* dismissed the case, holding the statute under which defendant was charged to be unconstitutionally vague and overbroad. The people appealed. *Held:*
>
> 1. The statute prohibiting the possession of gas-ejecting devices covers gas-ejecting weapons only and is not unconstitutionally vague or overbroad.
>
> 2. Retrial is not barred in the case.
>
> Reversed and remanded.

1. WEAPONS — GAS-EJECTING WEAPONS — STATUTES.

> The statute prohibiting the possession of gas-ejecting devices covers only gas-ejecting weapons and is not unconstitutionally vague or overbroad (MCL 750.224; MSA 28.421).

2. CRIMINAL LAW — DOUBLE JEOPARDY.

> Retrial of a defendant is not barred by the prohibition against double jeopardy where the court *sua sponte* dismissed the charge because it held the statute under which the defendant was charged to be unconstitutional.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 79 Am Jur 2d, Weapons and Firearms § 2.
Validity and construction of regulations governing carrying, possession, or use of tear gas or similar chemical weapons. 30 ALR3d 1416.

[2] 21 Am Jur 2d, Criminal Law § 313.

*Thomas E. Binion,* for defendant.

Before: CYNAR, P.J., and V. J. BRENNAN and H. E. DEMING,* JJ.

PER CURIAM. Defendant was charged with possession of a gas-ejecting device, MCL 750.224; MSA 28.421. At the close of proofs in a nonjury trial, the trial judge *sua sponte* dismissed the case on the ground that the statute under which defendant was charged was vague and overbroad. The people appeal by right.

In holding that the statute prohibiting possession of a gas-ejecting device was unconstitutionally vague and overbroad, the trial court relied upon *People v Guy,* 84 Mich App 610; 270 NW2d 662 (1978). However, recently in *People v Lynch,* 410 Mich 343; 301 NW2d 796 (1981), the Court held that the statute clearly covered gas-ejecting *weapons.* Since Lynch's statements at his guilty-plea hearing clearly indicated that the device he was carrying was a weapon, Lynch did not have standing to assert that the statute was overbroad because it reached innocent gas-ejecting devices. *Id.,* 352.

*Lynch* requires reversal and a new trial here. On remand, defendant shall not be convicted unless the finder of fact determines that he was carrying a gas-ejecting *weapon.*

Defendant argues that retrial here is barred by the constitutional prohibition of double jeopardy. However, double jeopardy does not prevent retrial where defendant voluntarily obtains termination of his first trial on grounds unrelated to his factual guilt or innocence. See *United States v Scott,* 437 US 82; 98 S Ct 2187; 57 L Ed 2d 65 (1978). The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

overbreadth or vagueness of the statute here had nothing to do with defendant's factual guilt or innocence of the crime charged. Defendant's consent to the dismissal was manifested through counsel. We adhere to the position taken by the majority in *People v Hoffman,* 81 Mich App 288; 265 NW2d 94 (1978), and *People v Blackburn,* 94 Mich App 711; 290 NW2d 61 (1980), that defendant need not personally manifest his consent.

Reversed and remanded for further proceedings in accordance with this opinion.