PEOPLE v CROWELL

Docket No. 108981. Submitted February 6, 1990, at Grand Rapids.
    Decided July 25, 1990; approved for publication November 9,
    1990, at 9:04 A.M.

    James H. Crowell was convicted following a jury trial in the
    Muskegon Circuit Court of possession with intent to deliver
    marihuana, possession with intent to deliver less than fifty
    grams of a mixture containing cocaine, and delivery of less
    than fifty grams of a mixture containing cocaine. The trial
    court, James M. Graves, Jr., J., sentenced him to concurrent
    terms of two to four years' imprisonment for the marihuana
    conviction, and ten to twenty years imprisonment for each of
    the cocaine convictions. The defendant appealed, alleging sev-
    eral errors.

    The Court of Appeals *held:*

    1. The trial court properly denied the defendant's motion to
    suppress evidence after determining that the police did not
    conduct their search until after a search warrant was obtained.

    2. Evidence of a prior cocaine sale by the defendant was
    properly admitted as part of the res gestae of the cocaine
    delivery offense.

    3. The trial court did not abuse its discretion in refusing the
    jurors' request for a typed transcript of certain testimony or in
    denying the defendant's motion for a mistrial made on the
    basis that the prosecutor named a witness during the jury voir
    dire whom he subsequently did not call to testify. The defen-
    dant received a fair trial.

    4. The trial court properly considered evidence of the defen-
    dant's involvement in additional cocaine sales in formulating
    his sentences. The sentences do not shock the conscience of the
    Court of Appeals.

    Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599; Drugs, Narcotics, and Poi-
    sons §§ 46, 48; Evidence § 321; Jury §§ 242, 250.

See the Index to Annotations under Drugs and Narcotics; Peremp-
    tory Challenges; Res Gestae; Same or Similar Acts or Matters;
    Sentence and Punishment.

1. Criminal Law — Evidence — Similar Acts.
   Evidence of a prior cocaine sale by a defendant was properly admitted in a trial for a subsequent cocaine sale as part of the res gestae of the subsequent sale.

2. Criminal Law — Jury — Mistrials — Witnesses.
   A defendant's motion for a mistrial made on the basis that the defendant allegedly exhausted peremptory challenges during jury selection in anticipation of a witness named, but never called, by the prosecution was properly denied where there was no showing that the naming of the potential witness prejudiced the jurors or forced the defendant to forego dismissing potentially prejudiced jurors.

3. Criminal Law — Sentencing — Controlled Substances.
   A trial judge, in formulating a defendant's sentences following a conviction of cocaine possession and delivery, may consider the sworn testimony of others which shows the defendant's involvement in additional cocaine sales.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Kevin A. Lynch,* Assistant Prosecuting Atorney, for the people.

*Nicholas Smith, P.C.* (by *Nicholas Smith*), for the defendant.

Before: Cavanagh, P.J., and McDonald and Marilyn Kelly, JJ.

Per Curiam. Defendant was convicted by jury of possession with intent to deliver marihuana, possession with intent to deliver cocaine, less than fifty grams, and delivery of cocaine, less than fifty grams. MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c); MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). He was sentenced to concurrent terms of two to four years for the marihuana conviction and ten to twenty years for each of the cocaine convictions. He appeals as of right. We affirm.

Defendant was arrested on May 14, 1987, as part

of an undercover drug investigation. The drug enforcement team had set up surveillance of trafficking on the part of Leroy Rogers. An undercover agent met with Rogers and discussed purchasing a pound of cocaine. Rogers contacted William Evans. Together they went to defendant's residence and business, Lumbertown Classic Auto Sales. Defendant spoke with Evans about purchasing cocaine. Evans had previously bought cocaine from defendant for Rogers. At that time, defendant had told him never to bring anyone with him and that the price was $1,800 for an ounce. Defendant told Evans to come back later. Rogers and Evans left.

Rogers contacted the undercover agent. He told the agent he could get an ounce for $2,000. The agent gave him the money and Rogers and Evans drove to Lumbertown. Evans dropped off Rogers before reaching Lumbertown. He continued to Lumbertown where he purchased an ounce of cocaine from defendant for $1,800. He then picked up Rogers and dropped him at his house where he gave the cocaine to the agent. Evans and Rogers were arrested.

At approximately 6:10 P.M., the police arrested defendant at Lumbertown. They obtained a warrant to search the premises at about 10:00 P.M., and found $1,800 in marked bills, a pound of marihuana, an ounce of cocaine, and a "cocaine grinder."

Defendant argues on appeal, first, that the court erred in denying his motion to suppress the evidence. He claims the police began searching the premises before they obtained the warrant.

This Court will not disturb a trial court's ruling at a suppression hearing, unless it is clearly erroneous. We give deference to the trial court's resolution of factual issues, especially where, as here, it involves the credibility of witnesses whose testi-

mony conflict. *People v Burrell,* 417 Mich 439, 448-449; 339 NW2d 403 (1983). The police officers denied that any search began before the warrant was obtained. The judge found that the evidence supported the officers' testimony. After reviewing the record, we are not convinced that a mistake has been made.

Next, defendant claims that the court erred in allowing the admission of evidence of a prior cocaine sale between defendant and Evans. He contends that the evidence was an inadmissible prior bad act. MRE 404(b).

The prosecutor sought to introduce evidence that, about one month before the alleged sale, Evans bought an ounce of cocaine from defendant. He argued that the purchase was part of the res gestae of the charged offense, because the two sales were interrelated. The first sale explained the circumstances of the second. *People v Delgado,* 404 Mich 76, 83; 273 NW2d 395 (1978). The judge agreed, observing that it was not a Rule 404(b) issue. After reviewing the record, we agree that the evidence was properly admitted as part of the res gestae.

Defendant also contends that the judge abused his discretion in refusing the jurors' request for a typed transcript of certain testimony. He claims this constituted a blanket denial of a request to read back testimony. We disagree.

After only twenty-five minutes of deliberation, the jurors requested a typed transcript of some testimony. The judge instructed them to rely on their memories. He also explained that if, after more deliberation, they were still unable to recall the information, they could request the testimony be read back. This was an appropriate exercise of his discretion. *People v Howe,* 392 Mich 670, 675; 221 NW2d 350 (1974).

Defendant claims the court erred in denying his motion for a mistrial. The motion was based on the fact that the prosecutor named a witness during jury voir dire whom he subsequently did not call to testify. Defendant argues that he was obliged to exhaust his peremptory challenges during jury selection in anticipation of this witness.

The prosecutor read the witness' name as part of a list of potential witnesses. The record shows it was defense counsel who repeatedly mentioned the name during voir dire. Only one potential juror knew the witness, and he claimed he could be neutral and objective. Defendant used a peremptory challenge to excuse that juror.

On appeal, defendant has failed to show how listing the name of the potential witness prejudiced the jurors or forced him to forego dismissing other potentially prejudiced jurors. We believe defendant received a fair trial. *People v Robertson,* 87 Mich App 109, 111; 273 NW2d 501 (1978). The judge did not abuse his discretion. *People v Sowders,* 164 Mich App 36, 47; 417 NW2d 78 (1987).

Lastly, defendant claims each of his sentences is an abuse of discretion and should shock our conscience. He contends the judge did not individualize his sentences, but instead made him representative of the many societal problems caused by drugs. He also argues that the judge improperly considered unproven allegations of other cocaine transactions.

The guidelines recommended a minimum sentence of one to two years for the cocaine offenses. Defendant was sentenced to ten years. The judge noted that defendant had been a major dealer of controlled substances for a period of time. The full context of the judge's comments reveals that he properly individualized the sentences. *People v*

*Coles,* 417 Mich 523, 537; 339 NW2d 440 (1983). Defendant was not held responsible for the many evils spawned by illicit drug trafficking.

The judge held a hearing regarding the allegations of other cocaine sales. He found the sworn testimony of Evans and Vincent Goryl was proof of defendant's involvement in additional cocaine sales. It was proper for him to consider this in formulating the sentences. *People v Fleming,* 428 Mich 408, 418; 410 NW2d 266 (1987). We find no abuse of discretion. Our conscience is not shocked by defendant's sentences. *Coles,* p 550.

Affirmed.